United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 21-80092 (JPN) |
| TEX-GAS HOLDINGS, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER APPROVING DEBTOR'S AMENDED DISCLOSURE STATEMENT ON A FINAL BASIS AND CONFIRMING DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1129(a)

On October 6, 2021, the Court entered its Order Conditionally Approving Disclosure Statement, Giving Notice of Hearing on Disclosure Statement and Plan Confirmation, Setting Certain Deadline and Providing for Other Matters Concerning Plan Confirmation (the "Disclosure Order") (ECF No. 45), related to the Debtor's Proposed Disclosure Statement (the "Disclosure Statement") (ECF No. 43), and the Debtor's Chapter 11 Plan of Reorganization (the "Plan") (ECF No. 42) both of which were filed on September 29, 2021, and were amended and modified by the First Amended Disclosure Statement (as amended, the "Disclosure Statement") (ECF No. 99) and the First Amended Plan (as amended, the "Plan") (ECF No. 98) filed on February 25, 2022. The Court set a final hearing on approval of the Disclosure Statement and confirmation hearing with respect to the Plan on April 25, 2022, at 11:00 a.m. (the "Confirmation Hearing"). The Debtor and its counsel appeared at the confirmation hearing at which the Court heard testimony and arguments of counsel and considered the evidence, and the agreement announced on the record and as provided for in this Order. After considering the foregoing, the ballots, the evidence and testimony, and the arguments of counsel, **THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

## I. Background

1. The above captioned Chapter 11 bankruptcy case was filed on June 1, 2021 ("Petition Date"), under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").

2. The hearing on the confirmation of the Plan, and the transactions and matters set forth therein is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), (I), (J), (L), (M) and (O). The statutory predicates for confirmation of the Plan and approval of the transactions and matters set forth therein, are 11 U.S.C. §§ 1121-1142.

3. This Court has constitutional authority to enter a final order with respect to the confirmation of the Plan because the confirmation of the Plan is a "public right" as discussed in the United States Supreme Court's *Stern v. Marshall* decision.  *See* 131 S. Ct. 2594, 2617-28 (2011).

4. The Plan contemplates a reorganization of the Debtor through a restructuring of its primary secured debt and payment of unsecured claims over time. The Debtor's revenue from leasing its property, along with funds advanced from Debtor's equity holder, EF Global Corporation, will be utilized to fund the payments provided in the Plan.

5. The Court finds that notice of the Plan to the creditors and parties in interest of the Debtor was adequate and appropriate.

6. The Debtor submitted a tabulation of the ballots showing the creditors in all classes who submitted ballots for or against the Plan. All creditors and or parties in interest entitled to vote on the Plan submitted votes in favor of the Plan.

7. The Plan separates Claims into three classes and Interests into one class. The treatment of each class varies as set forth in the Plan.

8. The Court finds that the Debtors have satisfied the applicable provisions of 11 U.S.C. §1129(a). The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

9. The Disclosure Statement (a) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy rules, laws, and regulations, including the Securities Act, (b) contains "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated therein, and (c) is hereby approved on a final basis in all respects.

10. The Court finds that the Debtors have complied with all applicable provisions of the Bankruptcy Code.

11. The Court finds that the Plan has been filed in good faith and not by any means forbidden by law.

## II. Votes, Objections, and Resolutions

12. All objections to confirmation of the Plan have been overruled, resolved or withdrawn. The Objections filed by Lui So Yuk and Sham Wai Bun at [Doc 102 and Doc. 110] have been resolved by agreement as provided for in this Order.

13. The Court finds that the Debtor has satisfied the applicable provisions of 11 U.S.C. §1129(a). The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

14. Class 1 is unimpaired and deemed to have accepted the Plan.

15. Class 2 is impaired and voted to accept the Plan.

16. Class 3 is unimpaired and deemed to have accepted the Plan.

17. Class 4 consists of the Allowed Equity Interests in the Debtor. The Class 4 interest is impaired and voted to accept the Plan.

18. The Court finds that the Debtor has complied with all applicable provisions of the Bankruptcy Code.

### III. Order

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. The above findings are incorporated herein and made the order of the Court.

2. The terms of the Plan are appropriate and approved, as provided for in the Plan.

3. The time limits provided for in the Plan are appropriate and approved.

4. The terms of the Plan are appropriate and approved, as provided for herein and the Plan is hereby confirmed. A copy of the Plan is attached hereto as Exhibit A.

5. The Plan satisfies all applicable provisions 11 U.S.C. § 1129(a) and is confirmed pursuant to 11 U.S.C. §1129(a).

6. Pursuant to Article 3.1 of the Plan, any holder of an Administrative Claim against the Debtor, except the U.S. Trustee with respect to quarterly fees and for taxes and expenses incurred in the ordinary course of operating the Debtor's business, shall file proof of such Claim or application for payment of such Administrative Claim on or within thirty (30) days after entry of this Order, with actual service upon counsel for the Debtor or such Holder's Administrative Claim will be forever barred and extinguished and such Holder shall, with respect to any such Administrative Claim be entitled to no distribution and no further notices. All pre-confirmation U.S. Trustee fees due as of the Effective Date shall be paid when due within thirty (30) days after

the Effective Date. The Reorganized Debtor shall timely pay post-confirmation fees owed to the United States Trustee and assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements made by the Reorganized Debtor for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee. The Reorganized Debtor shall pay all post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims.

7. <u>Discharge</u>. Subject only to the occurrence of the Effective Date of the Plan and the payment of Claims as set forth in the Plan, the Debtor is hereby discharged from any Claim and any "debt" (as that term is defined in subsection 101(12) of the Bankruptcy Code) that arose before the date of the entry of this Order, including, without limitation, any debts based on the Debtor's guarantee of collection, payment or performance of any obligation of the Debtor, and any debt of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, other than (A) Administrative Expenses (as such term is defined in the Plan) representing liabilities incurred in the ordinary course of business by the Debtor, and (B) Administrative Expenses representing allowances of compensation or reimbursement of expenses allowed pursuant to §§ 330 and 503(b)(3) of the Bankruptcy Code, whether or not (i) a Proof of Claim based on such debt is filed or deemed filed under § 502 of the Code; or (ii) such claim is allowed under § 502 of the Bankruptcy Code.

8. Except as otherwise provided in the Plan and this Order, subject only to the occurrence of the Effective Date of the Plan, all property of the Debtor's estate and all other property dealt with by the Plan and owned by the Debtor be and hereby is vested in the Reorganized

Debtor free and clear of all claims and interest of creditors of the Debtor, except as provided for in the Plan. For the avoidance of doubt, all liens of the Holder of the Class 2 shall be unaffected and retained under the terms of the Plan.

**9. <u>Injunction – Discharged Debts</u>. As of the Confirmation Date, all entities which have held, currently hold or may hold a claim or other debt or liability against the Debtor that are discharged are permanently enjoined from taking any of the following actions on account of such discharged claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing in any manner, any action or other proceeding against the Debtor or its property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or other award against the Debtor or its property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or its property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or its property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the Plan. The injunction shall terminate on March 31, 2027.**

10. <u>Except as otherwise provided in the Plan or this Order, all Holders of Claims shall be prohibited from asserting against the Debtor or Reorganized Debtor (as the case may be) or any of its assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such Holder filed a proof of Claim. Such prohibition shall apply whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under Section 502 of the Bankruptcy Code; or (c) the Holder of a Claim based upon such debt has accepted the Plan. This injunction also permits the</u>

<u>Reorganized Debtor to enforce 11 U.S.C. §525(a) upon improper revocation or restriction of licenses.</u>  Pursuant to Section 13.7 of the Plan, on the Effective Date and pursuant to Section 1123(b)(3)(A) of the Bankruptcy Code, the Debtor, and to the maximum extent provided by law, its agents, release and forever discharge all claims, whether known or unknown against: (i) D. Elroy Fimrite (the "Insider Released Parties"); and (ii) the Debtor's Professionals (<u>other than for willful misconduct or if the release is otherwise restricted by the Texas Disciplinary Rules of Professional Conduct</u>) in connection with any and all claims and causes of action arising on or before the Confirmation Date that may be asserted by or on behalf of the Debtor or the Bankruptcy Estate and/or on account of the Debtor's Case. For the avoidance of doubt, and notwithstanding anything to contrary contained within the Plan, there are no non-Debtor third party releases of the Insider Released Parties.

11. Except as otherwise provided in the Plan or this Order, all rights of the holders of claims or interests of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims or interests, shall hereinafter be limited solely to the right to receive such distributions exclusively as provided in the Plan, and, to the extent applicable, the provisions of this Order. After the date hereof, the holders of such claims or interests shall have no other or further rights against the Debtor, except as otherwise provided in the Plan or this Order.

12. Pursuant to 11 U.S.C. § 1141(a), the provisions of the Plan are binding on all parties, including, but not limited to, creditors and equity security holders of the Debtor whether or not any such creditors or equity holders have accepted the Plan.

13. The failure specifically to include any particular provision of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety.

14. So long as such amendments or modifications do not materially affect the interests of creditors or the interest holders, the proponent of the Plan may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

15. The Debtor and the Reorganized Debtor are hereby authorized and empowered pursuant to Section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file or record any documents, and to take any action necessary or appropriate, including but not limited to amending the company agreement and by-laws, to implement, effectuate and consummate the Plan, and the matters contemplated by this Order Confirming Plan, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court.

16. The Debtor and the Reorganized Debtor are authorized to file, register or otherwise record a certified copy of the Confirmation Order, along with the Final Judgment entered by this Court on February 25, 2020 (ECF No. 97), with any governmental office or agency, which shall constitute conclusive evidence of the release of all liens, claims or interest of any kind whatsoever contained in the Deed of Trust, recorded at Document Number 3870 as recorded in the Official Records of Matagorda County, Texas on July 21, 2020 ("Deed of Trust"), is not an enforceable lien interest against the Debtor's real property described as 17.16 acres of land and improvements located at 1950 FM 3057, Bay City, Matagorda County, Texas 77414 (the "Debtor's Property") and such lien is extinguished. Each state and local governmental agency is hereby directed to accept, file, register or record the Confirmation Order and Final Judgment to reflect the release and extinguishment of the Deed of Trust.

17. The Debtor and Lui So Yuk and Sham Wai Bun (collectively, the "Settling Parties") agree that the Debtor shall not further encumber or sell the Debtor's Property without the written consent of Lui So Yuk and Sham Wai Bun, or payment of the Claims of Lui So Yuk and Sham Wai Bun in full as provided for in the Plan. Such restriction on the Debtor's Property shall be reflected by the filing of an Agreed Lis Pendens in the Matagorda County real property records.

18. The Reorganized Debtor shall provide notice to Lui So Yuk and Sham Wai Bun of any notice of foreclosure received by East Breifne (or its assignee or designated substitute trustee) within three days of receipt. Such notice shall be provided electronically and by US Mail.

19. To the extent that objections to the Plan are not specifically sustained herein, they are overruled and denied.

20. The provisions of this Confirmation Order and the Plan are non-severable and mutually dependent.

21. This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence immediately upon the entry hereof. Pursuant to Bankruptcy Rule 3020(e), this Confirmation Order shall be effective immediately upon its entry.

22. The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument or action authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

23. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers and consents herein provided, and any agreements executed in connection herewith, (ii) to resolve any disputes arising

under or related to this Order, the Plan and (iii) to interpret, implement and enforce the provisions of this Order and the Plan.

SIGNED:

Signed: April 27, 2022

Jeffrey P. Norman
United States Bankruptcy Judge

AGREED AND ENTRY REQUESTED:

/s/ T. Josh Judd

T. Josh Judd
ANDREWS MYERS P.C.
SBN: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com
*Counsel for Tex-Gas Holdings, LLC*


&

/s/ Keith M. Aurzada (by permission TJJ)

Jay L. Krystinik
Texas State Bar No. 24041279
Keith M. Aurzada
Texas State Bar No. 24009880
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, Texas 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
*COUNSEL FOR MOVANT*


&

/s/ Jana Smith Whitworth (by permission TJJ)

Jana Smith Whitworth
Texas State Bar No. 00797453
KEVIN M. EPSTEIN, UNITED STATES TRUSTEE
515 Rusk, Suite 3516
Houston, Texas 77002
713-718-4650
713-718-4670 (Fax)
Jana.whitworth@usdoj.gov