IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 21-80092 (JPN) |
| **TEX-GAS HOLDINGS, LLC** | ) | |
| | ) | |
| Debtor. | ) | |

**REORGANIZED DEBTOR'S AMENDED MOTION FOR
ENTRY OF FINAL DECREE CLOSING CASE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON JUNE 29, 2022, AT 11:00 A.M. IN COURTROOM 403, 515 RUSK, HOUSTON, TX 77550.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Reorganized Debtor Tex-Gas Holdings, LLC ("Reorganized Debtor" or "Tex-Gas") hereby moves this Court, pursuant to Fed. R. Bankr. P. 3022 and 11 U.S.C. §350(a), for entry of a final decree closing this Chapter 11 case. The grounds for this motion are as follows:

**Summary**

1. On or about June 1, 2021, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code"), and the case will be fully administered after this Court considers the final fee application of its professionals filed on May 13, 2022.

2. There are no remaining adversary proceedings or contested matters. The only outstanding motion is the First and Final Fee Application filed by Debtor's counsel, Andrews Myers, P.C., on May 13, 2022 (Docket #139). The 21-day deadline for the filing of any objection has passed, and no objections have been filed against the fee application. Adversary 21-08002 has concluded with the Final Judgment being entered by the Court on February 25, 2022. Likewise, the confirmation order is final and payments under the confirmed Chapter 11 plan have commenced, and the plan has been substantially consummated.

3. Upon entry of the Order on the above referenced final fee application in the main case, Reorganized Debtor requests that a final decree be entered closing the Chapter 11 case.

**Jurisdiction and Authority**

4. This is a core proceeding. The Court has jurisdiction over both the subject matter and the parties under 28 U.S.C. §1334 and the standing order of reference.

5. The Court may grant the relief sought under 11 U.S.C. §350 and Fed. R. Bankr. P. 3022, which permits the Court to enter a final decree closing the case upon its own motion or on motion of a party in interest.

6. The Plan provides for the retention of jurisdiction by the Bankruptcy Court to enter a Final Decree under Bankruptcy Rule 3022 terminating the Chapter 11 case. Rule 3022 of the Federal Rules of Bankruptcy Procedure further provides:

> After an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

### **Case is "Fully Administered" under Rule 3022**

7. The 1991 Advisory Committee Note to Bankruptcy Rule 3022 sets forth six factors that the court should consider in determining whether the estate has been fully administered, including:

    a. whether the order confirming the plan has become final;
    b. whether deposits reported by the plan have been distributed;
    c. whether the property proposed by the plan to be transferred has been transferred;
    d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
    e. whether payments under the plan have commenced; and
    f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

8. Each of these factors is satisfied here: (a) the Confirmation Order has become final and the Effective Date of the Plan was May 11, 2022; (b) the Plan does not require any deposits; (c) any proposed transfers of property contemplated under the Plans have been made; (d) Debtor confirmed its plans of reorganization; (e) plan payments have commenced, and (f) pending the entry of the Order on the first and final fee application pending above, all other motions, contested matters, and adversary proceedings, have been resolved. Accordingly, this case should be closed upon entry of the order on the first and final fee application currently pending before this court.

9. Thus, the Plan is fully consummated, and the administration of this Chapter 11 estate is complete. Further, the Reorganized Debtor is current in all reports and payments due to the Office of the United States Trustee. The Reorganized Debtor will mail its final quarterly

payment for the second quarter 2022 following entry of the Final Decree, dependent upon the amount of the total disbursements when due in July 2022.

10. The Reorganized Debtor requests that the Final Decree be entered no later than June 30, 2022. The Reorganized Debtor will file its Post Confirmation Report for the time period of May 11, 2022 – June 30, 2022, when due in July 2022.

11. Accordingly, it is necessary and appropriate that the Court enter a final order and decree declaring that this case is fully administered and close the case by June 30, 2022.

12. The Movant, by this Motion, asks the Court to take judicial notice of the Docket and note the existence of the confirmation order.

13. Equity suggests that the Court should enter its final decree promptly after entry of the Order for the first and final fee application outlined in paragraph 2 of this Motion so that the Reorganize Debtor is not required to monitor the case, pay fees, and the case may otherwise be closed as no later June 30, 2022.

## Prayer

WHEREFORE PREMISES CONSIDERED, Debtor Tex-Gas Holdings, LLC requests this Court to enter a final decree closing Case No. 21-80092, and grant any related relief justified in law or equity.

DATED:    June 6, 2022

Respectfully submitted,

ANDREWS MYERS, PC

/s/ T. Josh Judd
T. Josh Judd
SBN: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com
*Counsel for the Reorganized Debtor*

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, a true and correct copy of the foregoing Motion for Final Decree was forwarded by email to the parties listed below by the Court's ECF notification system, and by U.S. Mail to all creditors as provided on the Service List below:

Keith Miles Aurzada on behalf of Creditor Lui So Yuk
kaurzada@reedsmith.com,
anixon@reedsmith.com;srhea@reedsmith.com;lrobin@reedsmith.com

Keith Miles Aurzada on behalf of Creditor Sham Wai Bun
kaurzada@reedsmith.com,
anixon@reedsmith.com;srhea@reedsmith.com;lrobin@reedsmith.com

Keith Miles Aurzada on behalf of Defendant Jay L. Krystinik
kaurzada@reedsmith.com,
anixon@reedsmith.com;srhea@reedsmith.com;lrobin@reedsmith.com

Keith Miles Aurzada on behalf of Defendant Lui So Yuk
kaurzada@reedsmith.com,
anixon@reedsmith.com;srhea@reedsmith.com;lrobin@reedsmith.com

Keith Miles Aurzada on behalf of Defendant Sham Wai Bun
kaurzada@reedsmith.com,
anixon@reedsmith.com;srhea@reedsmith.com;lrobin@reedsmith.com

Devan Joan Dal Col on behalf of Defendant Jay L. Krystinik
ddalcol@reedsmith.com

Devan Joan Dal Col on behalf of Defendant Lui So Yuk
ddalcol@reedsmith.com

Devan Joan Dal Col on behalf of Defendant Sham Wai Bun
ddalcol@reedsmith.com

John P Dillman on behalf of Creditor Matagorda County
Houston_bankruptcy@publicans.com

Micah Grodin on behalf of Creditor Eversource Capital LP
micah.grodin@mhllp.com

T. Josh Judd on behalf of Debtor Tex-Gas Holdings, LLC
jjudd@andrewsmyers.com, sray@andrewsmyers.com

T. Josh Judd on behalf of Plaintiff Tex-Gas Holdings, LLC
jjudd@andrewsmyers.com, sray@andrewsmyers.com

Patrick Andrew Kelly on behalf of Plaintiff Tex-Gas Holdings, LLC
pkelly@andrewsmyers.com, sray@andrewsmyers.com,eharrison@andrewsmyers.com

Jay L Krystinik on behalf of Creditor Lui So Yuk
jkrystinik@reedsmith.com, Anixon@reedsmith.com;SRhea@reedsmith.com

Jay L Krystinik on behalf of Creditor Sham Wai Bun
jkrystinik@reedsmith.com, Anixon@reedsmith.com;SRhea@reedsmith.com

Jay L Krystinik on behalf of Defendant Jay L. Krystinik
jkrystinik@reedsmith.com, Anixon@reedsmith.com;SRhea@reedsmith.com

Jay L Krystinik on behalf of Defendant Lui So Yuk
jkrystinik@reedsmith.com, Anixon@reedsmith.com;SRhea@reedsmith.com

Jay L Krystinik on behalf of Defendant Sham Wai Bun
jkrystinik@reedsmith.com, Anixon@reedsmith.com;SRhea@reedsmith.com

Brian Christopher Mitchell on behalf of Creditor Lui So Yuk
bmitchell@reedsmith.com

Brian Christopher Mitchell on behalf of Creditor Sham Wai Bun
bmitchell@reedsmith.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Melissa E Valdez on behalf of Creditor Bay City Independent School District
mvaldez@pbfcm.com, osonik@pbfcm.com,mvaldez@ecf.courtdrive.com

Jana Smith Whitworth on behalf of U.S. Trustee US Trustee
jana.whitworth@usdoj.gov

                                      */s/ T. Josh Judd*
                                      T. Josh Judd

SERVICE LIST
Case No. 21-80092
In re: TEX-GAS HOLDINGS, LLC

Brian Mitchell
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201

East Breifne, LLC
3880 Roundtree Drive
Prosper, Texas 77078

Fortune Insight Limited
Sea Meadow House
Blackburne Highway, P.O. Box 116
Road Town
Tortola, British Virgin Islands

Sham Wai Bun
A2, 339 Tai Hang Road
Happy Valley
Hong Kong

Lui So Yuk
House 3, Marinella
9 Welfare Road
Island South
Hong Kong

Matagorda County
Betty Cook Tax Assessor-Collector
1700 7th Street, Room 203
Bay City, Texas 77414-5091