United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 08, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 21-80092 |
| **TEX-GAS HOLDINGS, LLC,** § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 11 |

### ORDER GRANTING FIRST AND FINAL APPLICATION OF COMPENSATION

On May 13, 2021, Andrew Myers, P.C., counsel for the debtor, Tex-Gas Holdings, LLC, filed the First and Final Application (ECF No. 138) for services rendered and expenses incurred from June 01, 2021 through April 28, 2022. In the Fee Application, the Applicant requests this Court's approval of fees in the amount of $297,048.50, and reimbursement of expenses in the amount of $11,833.62, for a total sum of $308,882.12. The total time for which compensation is sought is 936.1 hours, consisting of 685.60 hours of attorney time and 251.50 hours of paraprofessional time. The Court approves the Fee Application in part and denies it in part.

The Court has an independent duty to review fee applications, notwithstanding the absence of objections by the United States Trustee, creditors, or any other interested party.[1] The Supreme Court has held that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney fees under federal statutes which provide for such fees.[2] The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work.[3] The Court may adjust the number of hours billed and the rates charged when calculating the lodestar amount.[4]

The first step in the lodestar method is to evaluate the time entries submitted by the Applicant and determine which are allowable. This step involves considering whether the services which the Applicant billed were reasonable or necessary. The Court has concerns about certain entries contained within the time records. For example, on June 09, 2021, counsel billed .10 hours (6 minutes) for "Receive the Court's Order denying the application to employ for lack of self-calendaring a hearing on same" and .50 hours (30 minutes) "Revise the application to employ adding a hearing date and refiled same." The Court finds entries like these problematic as Counsel

---

[1] *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See also In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Wilde Horse Enter., Inc.*, 136 B.R. 830, 839-40 (Bankr. C.D. Cal. 1991); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.
[2] P*ennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (lodestar method used to calculate fees under 42 U.S.C. § 1988);
[3] *In re Cahill*, 428 F.3d 536 (5th Cir. 2005).
[4] 11 U.S.C. § 330(a)(3).

originally filed the application in violation of this Court's procedures, then billed client for the correction of the mistake.

Further, the services performed must be legal in nature, rather than clerical. This application contains many instances of the applicant's billing for work which is routinely performed by secretaries and should not be billed to the client. Case law suggests that "ministerial tasks" (typing, file organization, document preparation, searching or filing documents on PACER, etc.) performed by a professional or paraprofessional should not be allowed as a separate charge because it is part of the office overhead, which should already be built into the counsel's hourly rate.[5] This Court considers ECF filing to be clerical work, and therefore, should not be allowed as a separate charge. The instant fee application contains several instances where secretarial tasks were billed.[6] Over a period of two months, June and July 2021, the Court identified 16 separate instances where secretarial tasks were billed.

The Court has insufficient resources for a line-by-line audit of the applicant's time records, which span 130 pages. The Court should not have to guess or spend excessive time to justify a fee for an applicant who has not provided sufficient information. The Court is not required to audit time records in order to determine what was reasonable, what was necessary, and what the result was for each endeavor.[7] Rather than implementing reductions on a "line-by-line" basis, and without expending extensive court resources to track down every entry and make a line-by-line disallowance of insufficiently substantiated entries, one court has taken a "rough justice" approach, which this Court adopts.[8]

Based on the reasons above, and its review of the lodestar factor, the Court does find the applicant is entitled to compensation for some of the services rendered; however, reduces the award for those entries that are insufficiently substantiated, and those that were for secretarial. Accordingly, the Court reduces requested fees by 10%, and grants the Application in the amount of $267,343.65, and reimbursement of expenses in the amount of $11,833.62, for a total sum of $279,177.27.

**THEREFORE, IT IS ORDERED** that First and Final Application (ECF No. 138) is approved in part and denied in part, and the applicant is awarded compensation in the amount of $267,343.65, and reimbursement of expenses in the amount of $11,833.62, for a total sum of $279,177.27.

SIGNED 06/08/2022

Jeffrey Norman
United States Bankruptcy Judge

---

[5] *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Calif. 2006).
[6] 06/01/2021; 06/02/2021; 06/08/2021; 06/09/2021; 06/04/2021;06/29/2021; 06/25/2021; 06/08/2021; 07/27/2021; etc.
[7] *In re Chicago Lutheran Hospital Association*, 89 B.R. 719, 736 (Bankr. N. D. Ill. 1988).
[8] *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr. E.D.Mass).